This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, William and Mae Pelster, appeal from the judgment in the Summit County Court of Common Pleas dismissing Appellants' suit against Appellees, Luther and Sandra Millsaps. We affirm.
On October 8, 1998, Appellants filed a complaint seeking to enjoin Appellees from constructing a house on their property. Thereafter,
 The trial court granted a temporary restraining order during the pendency of the proceedings below. After an evidentiary hearing, however, the trial court denied [Appellants'] motion for a preliminary injunction. The trial court reasoned that [Appellants] had failed to establish a substantial likelihood of success on the merits or that they would suffer irreparable harm if the construction was not enjoined. [Appellants] timely appealed.
Pelster v. Millsaps (Oct. 27, 1999), Summit App. No. 19375, unreported, at 3. This court reversed and remanded stating the trial court improperly concluded that Appellants failed to prove they would suffer irreparable harm if the construction was not enjoined. Upon remand, the trial court refused to enforce a restrictive covenant against Appellees and therefore, dismissed Appellants' suit. Appellants timely appealed raising three assignments of error, two of which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I The trial court erred and abused its discretion when it ignored this Court's earlier pronouncement. This Court's decision is the law of the case.
In their first assignment of error, Appellants assert that the trial court erred by ignoring this court's earlier decision and as a result disregarded the "law of the case" doctrine. Appellants' assertion lacks merit.
The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. However, the law of the case doctrine applies solely to decisions by the trial court that involve "substantially the same facts and issues as were involved in the prior appeal[.]" Hawley v. Ritley (1988),35 Ohio St.3d 157, 160, quoting Nolan, 11 Ohio St.3d at 3. The rationale underlying this doctrine is to maintain consistent results in a case by conclusively settling issues that have previously been litigated. LittleForest Medical Ctr. v. Ohio Civil Rights Comm. (1993), 91 Ohio App.3d 76,81.
Since this case was before this court on a prior occasion, Appellants argue that the law of the case doctrine is applicable; therefore, this court should find the restrictive covenant enforceable as against Appellees and accordingly, reverse. However, in their first appeal Appellants sought a reversal of the trial court's denial of a preliminary injunction. We find the enforceability of the restrictive covenant was not before this court in the prior appeal. Consequently, the law of the case doctrine is inapplicable. Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred and abused its discretion when it found that there was no substantial value to the restrictive covenant and that there was a substantial change in the character of the neighborhood without making such findings by clear and convincing evidence.
 ASSIGNMENT OF ERROR III The [t]rial [c]ourt's judgment is against the manifest weight of the evidence.
In their second assignment of error, Appellants aver that there was not clear and convincing evidence to support the trial court's finding that the restrictive covenant lacked value and that a substantial change in the character of the neighborhood existed. Furthermore, in their third assignment of error, Appellants contend that the trial court's determination regarding the unenforceability of the restrictive covenant was against the manifest weight of the evidence. Additionally, Appellants argue that the trial court cannot bar their claim on the doctrines of laches, estoppel, or waiver. We disagree.
A restrictive covenant will be deemed unenforceable if clear and convincing evidence exists to support a finding that: (1) a substantial change in the character of the neighborhood existed; (2) enforcement of the restriction would not restore the neighborhood to its residential character; and (3) enforcement of the restriction would appear to impose a great hardship on Appellees with minimal benefit to Appellants. Nutisv. Schottenstein Trustees (1987), 41 Ohio App.3d 63, 67. Additionally, "[r]estrictive covenants are to be construed strictly against the restriction and in favor of the free use of land." Id. at 65. Clear and convincing evidence is the level of proof greater than a "preponderance of the evidence," but less than the certainty of "beyond a reasonable doubt" as required by criminal cases. State v. Schiebel (1990),55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. An appellate court reviews the record to determine whether sufficient evidence exists to meet the clear and convincing standard. See Cross,161 Ohio St. at 477.
As a preliminary matter, we note that sufficiency of the evidence and weight of the evidence adduced at trial are legally distinct issues. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 386. However, a determination that a finding is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. See State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
When a party asserts that the evidence is against the manifest weight of the evidence, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897 and 97CA006907, unreported, at 3. As such, "[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the appellant. State v. Otten (1986), 33 Ohio App.3d 339,340.
The record indicates that the Westhaven Colony neighborhood ("Westhaven") was platted in 1955 and 1974 and contained a restriction authorizing one house per lot. However, over the years, Westhaven had substantially changed. At trial, Appellants testified that numerous lots within Westhaven were split and houses were constructed on the newly split lots. For example, Appellants stated that (1) lots 9 and 10 were each split into four lots and houses were erected on the divided lots; and (2) lot 7 was divided into two lots and a house was constructed on each lot. Moreover, certain lots were divided to create Hickory Lane, a roadway through Westhaven. As a result of this lot division, Appellants' and Appellees' lots were formed.
There was further evidence illustrating the neighborhood's attitude toward the lot splitting and its effect on the residential character of the neighborhood; specifically, twelve of Appellants' neighbors "[found] that the overall value and quality of the neighborhood in Westhaven Colony * * * is enhanced by the lot split that has occurred * * * [a]nd the residence constructed on that lot, such lot formerly being vacant, unkept lot in the neighborhood[.]" Lastly, Appellees stated the city authorized their plan to build a house, they were unaware of the restrictive covenant at the time of signing the construction contract, and their house has been constructed on the lot.
In the case sub judice, the judge had the opportunity to observe the witnesses' testimony and weigh the credibility of the testimony; therefore, we must give deference to the judge's decision. Berger v.Dare (1994), 99 Ohio App.3d 103, 106. Upon careful review of the testimony and evidence presented at trial, we hold that the judge did not act contrary to the manifest weight of the evidence in determining that the restrictive covenant was not enforceable. Additionally, we conclude that Appellants' assertion that the trial court's finding was not supported by clear and convincing evidence is also without merit.
Following a thorough review of the record, we find that the trial court did not bar Appellants' claim based on the doctrines of laches, estoppel, or waiver. Rather, the trial court determined that the restrictive covenant was not enforceable and therefore, dismissed Appellants' claim. Accordingly, Appellants' second and third assignments of error are overruled.
Appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
LYNN C. SLABY, BATCHELDER, P.J., BAIRD, J. CONCUR.