JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Lisa Kekic, appeals the trial court granting summary judgment in favor of defendant-appellee, Royal and SunAlliance Insurance Company[1] dba American and Foreign Insurance Company. Plaintiff argues the trial court erred by determining that she is not entitled to uninsured motorist coverage under a commercial auto insurance policy defendant issued to her employer. For the reasons that follow we agree with plaintiff and reverse the judgment of the trial court.
 {¶ 2} In June 1999, plaintiff sustained physical injuries in an automobile accident caused by defendant Mike Roberson ("Roberson"). At the time of the accident, it is undisputed that plaintiff, an employee of Apple American Group ("Apple"), was off duty and driving her own vehicle. It is also undisputed that Roberson was uninsured at the time of the accident and plaintiff exhausted the uninsured coverage available to her under her own auto insurance policy.
 {¶ 3} Plaintiff filed suit against defendant arguing that, as one of Apple's employees, she was entitled to additional uninsured motorist ("UM") compensation under Apple's Policy.
 {¶ 4} Defendant filed a motion for summary judgment[2] in which it argued that plaintiff was precluded from UM coverage under its "covered autos" language. In pertinent part, the employer's policy[3]
applies only to those "autos" designated as "covered autos." This policy specifically lists the make and model of five different vehicles which comprise some of the UM "covered autos" insured under the policy. None of these autos, however, is the one plaintiff was driving at the time of the accident.
 {¶ 5} Page one of the employer's policy also describes other vehicles that would be covered under the UM provision. The policy denotes these other vehicles by expressly assigning the designation "2" for all "covered autos." The vehicles assigned the "2" designation are defined as "only those autos you own * * *." In other words, under the policy, an insured is covered if driving a car an insured owns.
 {¶ 6} In the policy's UM section, various exclusions are listed, including the one defendant claims applies to plaintiff in this case. In pertinent part, that exclusion states:
 {¶ 7} "This insurance does not apply to:
 {¶ 8} "* * *
 {¶ 9} "5. `Bodily Injury' sustained by:
 {¶ 10} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorist Coverage under this Coverage Form;"
 {¶ 11} The trial court agreed that the UM exclusion applied to plaintiff and granted defendant's motion for summary judgment. The court issued a written Opinion And Order in which it detailed the reasons it found for denying plaintiff UM coverage under the Policy. In addition to the written order, the trial court's docket entry, states, in part:
 {¶ 12} "PTLFS. MOTION FOR SUMMARY JUDGMENT (FILED 7/30/01) IS DENIED. DEFT AMERICAN AND FOREIGN INSURANCE COMPANY'S MOTION FOR SUMMARY (FILED 6/27/01) IS GRANTED. THE COURT FINDS PLTF'S CLAIM FOR UNDERINSURED MOTORIST COVERAGE IS EXCLUDED BY THE "OTHER OWNED VEHICLE" EXCLUSION IN THE POLICY * * *."
 {¶ 13} After the court granted defendant's motion for summary judgment, plaintiff voluntarily dismissed her claim against Roberson, without prejudice. Plaintiff timely filed this appeal in which she presents one assignment of error.
 {¶ 14} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY CONCLUDING THAT PLAINTIFF WAS NOT ENTITLED TO UNINSURED MOTORISTS COVERAGE PURSUANT TO THE POLICIES THAT HAD BEEN ISSUED BY DEFENDANTS TO HER EMPLOYER."
 {¶ 15} Plaintiff argues the trial court erred in determining that she is not entitled to UM motorist coverage under her employer's commercial auto insurance policy. Because of the decision inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,664, 710 N.E.2d 1116, we must agree with plaintiff.
 {¶ 16} Our review of the trial court's decision to grant summary judgment is de novo. De Uzhca v. Derham (April 5, 2002), Montgomery App. No. 19106, 2002 Ohio App. LEXIS 1538; Helton v. Scioto Cty. Bd. ofCommrs. (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See Stateex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183, 677 N.E.2d 343; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 65-66, 375 N.E.2d 46.
 {¶ 17} Ohio law liberally construes the language of an insurance contract in favor of the insured. Blue Cross Blue Shield Mut. ofOhio v. Hrenko (1995), 72 Ohio St.3d 120, 122, 647 N.E.2d 1358. Further, where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, such provisions will strictly be construed against the insurer. Scott-Pontzer, supra. In the case at bar, there are actually two questions presented by plaintiff's single assignment of error: (1) Is plaintiff an "insured" under the policy? If she is not an insured, our inquiry is at an end. On the other hand, if plaintiff is an insured, is she, nonetheless, excluded from coverage under the UM exclusion?
 {¶ 18} First, we note that plaintiff's status as an insured under the policy is undisputed. The record reveals that when it filed its motion for summary judgment, defendant did not argue against nor did it produce any evidence controverting plaintiff's claim that she is an insured. Defendant's attempt to argue now that plaintiff is not an insured is waived because it was not argued in the trial court. Ahern v.Ameritech Corp. (2000), 137 Ohio App.3d 754, 779, 739 N.E.2d 1184 citingLittle Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm. (1993),91 Ohio App.3d 76, 631 N.E.2d 1068.
 {¶ 19} Even if defendant had not waived the issue of plaintiff's status as an insured under the employer's policy, we would still conclude that she is an insured. The relevant part of the policy's UM coverage section defines who is entitled to coverage under that section:
 {¶ 20} "* * *
 {¶ 21} "B. Who Is An Insured
 {¶ 22} "1. You.
 {¶ 23} "* * *"
 {¶ 24} This language is identical to the policy language inScott-Pontzer, supra. In its analysis, the Ohio Supreme Court noted that "[t]hroughout this policy the words `you' and `your' refer to the Named Insured shown in the Declarations." The Supreme Court stated that, even though the policy's named insured was appellant's corporate employer,
 {¶ 25} "uninsured motorist coverage" was designed * * * to protect persons, not vehicles. * * *.
 {¶ 26} "It would be reasonable to conclude that `you,' while referring to [the corporation], also includes [the corporation's] employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including the corporation's employees." Id.
 {¶ 27} The Supreme Court concluded that the employee was an insured and entitled to UIM coverage under his employers' auto insurance policy.
 {¶ 28} In this case, because the language defining an insured under the UM section is identical to that in Scott-Pontzer, supra, we must follow the Ohio Supreme Court and interpret "you" to include Apple's employees, which includes plaintiff.
 {¶ 29} We find additional support for this conclusion by contrasting the liability section of defendant's policy. In that section, which precedes the UM section, an "insured" is
 {¶ 30} "You for any covered auto [or] [a]nyone else while using with your permission a covered "auto" you own, hire, or borrow except:
 {¶ 31} "* * *
 {¶ 32} "(2) Your "employee" if the covered "auto" is owned by that employee * * *." (Emphasis added.)
 {¶ 33} The language in the liability section of the policy expressly excludes coverage for employees who sustain injuries in their own vehicles. In Scott-Pontzer, supra, the court addressed a substantially similar situation and concluded that
 {¶ 34} "* * * any language in the Liberty Mutual umbrella policy restricting insurance coverage was intended to apply solely to excess liability coverage and not for purposes of underinsured motorist coverage." Scott-Pontzer, supra, at 666.
 {¶ 35} As in Scott-Pontzer, supra, the UM portion of defendant's policy in this case does not, however, contain any language expressly precluding uninsured coverage to Apple's employees; that language is only in the liability section. Accordingly, we must conclude plaintiff is an intended insured under the UM portion of the Policy.
 {¶ 36} Next, even though plaintiff is an insured under defendant's policy, we must still determine whether the UM exclusion applies to her. This question is answered by again focusing on "you." The express and unambiguous language of the policy states that only a "covered auto" is insured. A "covered auto" is an auto "you," the insured, own. The language of the UM exclusion, however, states, in part:
 {¶ 37} "This insurance does not apply to:
 {¶ 38} "* * *
 {¶ 39} "5. `Bodily Injury' sustained by:
 {¶ 40} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorist Coverage under this Coverage Form;"
 {¶ 41} This provision does not merely "exclude"; rather, it contradicts the prior provisions. We have already concluded that plaintiff is an insured under the policy and is, therefore, included in all the references to "you." By definition, a "covered auto" is one owned by "you," the insured. In light of the inescapable conclusion that a "covered auto" is any auto the insured owns, the language of the UM exclusion makes no sense because, under the exclusion, if the insured sustains bodily injury while occupying a vehicle owned by her, there is no coverage. In light of Scott-Pontzer, supra, the language of the policy's UM exclusion is in direct contradiction to the policy's definitions of who is an insured and what is a "covered auto" for purposes of UM coverage. Such a result forces us to conclude that the UM exclusion cannot apply to plaintiff, an insured, who is entitled to coverage if she is injured in a "covered auto," that is, a car she owns. It is not disputed that at the time of the accident, plaintiff was driving her own vehicle. Accordingly, we conclude that the policy's UM exclusion cannot apply to plaintiff.
 {¶ 42} For the foregoing reasons, we find merit in plaintiff's single assignment of error. Accordingly, the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellees her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS IN JUDGMENT ONLY; KENNETH A. ROCCO, P.J.,DISSENTS WITH SEPARATE OPINION.
[1] "Royal and SunAlliance" is a trade name only.
[2] Plaintiff also filed a motion for summary judgment which the court denied the same day it granted defendants' motion.
[3] Under the uninsured motorist coverage provisions, the limits of liability were one million dollars ($1,000,000.00).