OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, the parties' briefs and their oral argument to this Court. Appellant Joseph Sebest appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellee Campbell City School District Board of Education and denying his motion for summary judgment. The issues we must resolve are whether the terms of the employment contract in this case were ambiguous and whether there remain any genuine issues of material fact regarding the alleged breach of those terms.
 {¶ 2} We conclude the portion of the contract which provides that the Treasurer's salary may be increased is ambiguous regarding whether or not the salary may also be decreased. Thus, the interpretation of that clause would be a question for the trier of fact. Moreover, the contract provides that the salary will be negotiated. Since the salary was placed in resolution form before it was first offered to Sebest, there remains a genuine issue of material fact regarding whether or not Sebest was permitted to negotiate his salary. This would also be an appropriate question for the trier of fact to decide. Accordingly, the trial court erroneously granted summary judgment in favor of the Board. We reverse the judgment of the trial court and remand this matter for further proceedings.
 Facts {¶ 3} The Board and Sebest entered into a contract on March 25, 1999, at which time Sebest filled a vacancy as the school district's treasurer. The contract was for a term beginning on April 6, 1999 and continuing until the Board's January 2000 organizational meeting. Under that contract, Sebest was to earn an annual salary of $48,000. The contract further provided that if a renewal contract was adopted, Sebest's "annual salary will be negotiated for each year of the contract and may be increased by action of the Board of Education at any time as per Ohio Revised Code 3313.24."
 {¶ 4} At the organizational meeting held January 11, 2000, the Board decided to grant Sebest a two-year probationary contract with compensation and benefits to be determined at a later date. On January 25, 2000, the Board adopted Resolution # 2000-32, which set Sebest's salary at $44,000 per year plus benefits for a probationary term of two years. The Board offered Sebest the new contract on January 31, 2000. Sebest signed a statement drafted and presented by the Board that acknowledged his receipt of the contract offer and that he had two weeks within which to sign the contract and return it to the Board. Sebest did not sign the new contract. Instead, Sebest's counsel sent a letter to the Board stating that it's action in submitting the new contract to Sebest was invalid in light of R.C. 3313.22
and requesting that the Board honor the terms of Sebest's first contract so that he would continue in the position of treasurer at an annual salary of $48,000.
 {¶ 5} The Board held a special meeting on February 22, 2000, at which time it adopted Resolution # 2000-45. Resolution # 2000-45 stated that in light of the fact that Sebest declined to sign its contract offer, the Board rescinded its offer. Resolution # 2000-45 also declared that Sebest's employment as treasurer had expired as of the organizational meeting of January 11, 2000. Finally, the resolution provided that the Board would pay Sebest at a daily rate based on an annual salary of $44,000 for the days he actually worked from January 12, 2000 through February 15, 2000 when he left employment.
 {¶ 6} Sebest appealed that decision to the Mahoning County Court of Common Pleas and the court affirmed the Board's decision. From that decision, Sebest appealed to this court. SeeSebest v. Campbell City School Dist. Bd. of Edn. (June 28, 2002), 7th Dist. No. 00-CA-272. In that appeal, this Court concluded that Sebest did not acquire a property interest in his continued employment and therefore was not entitled to procedural due process requirements of notice and hearing. Because Sebest's appeal was from an administrative ruling, he could not properly bring a breach of contract claim at that time.
 {¶ 7} Sebest filed his breach of contract claim in federal court, which dismissed all of Sebest's state claims without prejudice. Sebest then filed a complaint with the trial court alleging breach of contract. Sebest and the Board filed cross-motions for summary judgment. The trial court denied Sebest's motion and granted the Board's motion for summary judgment.
 Law of the Case {¶ 8} As a preliminary matter, because Sebest originally brought an administrative appeal involving the same set of facts, the Board argues that any decision made by this court as a result of the previous appeal should be law of the case. The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984),11 Ohio St.3d 1, 3. However, the law of the case doctrine applies solely to decisions by the trial court that involve "substantially the same facts and issues as were involved in the prior appeal [.]"Hawley v. Ritley (1988), 35 Ohio St.3d 157, 160, quotingNolan, 11 Ohio St.3d at 3. The rationale underlying this doctrine is to maintain consistent results in a case by conclusively settling issues that have previously been litigated.Little Forest Med. Ctr. v. Ohio Civ. Rights Comm. (1993),91 Ohio App.3d 76, 81.
 {¶ 9} The doctrine does not apply here since the prior case was an administrative appeal by Sebest involving his rights to procedural due process protections of notice and hearing before he could be terminated. This court's previous decision has little or no effect on this case since Sebest is not now claiming he was improperly terminated. Instead he has merely asked this court to decide whether there was a common law breach of his original employment contract. This issue was not and could not be litigated during his administrative appeal. Accordingly, the doctrine of "law of the case" does not apply here.
 Standard for Summary Judgment {¶ 10} Sebest has presented us with three assignments of error which will be addressed together since they all involve the grant of summary judgment and can be resolved through the same analysis. More specifically, Sebest alleges:
 {¶ 11} "The trial court erred in denying Sebest's summary judgment motion because the Board of Education breached the "renewal clause" in parties' employment contract as a matter of law."
 {¶ 12} "The trial court erred in granting the Board of Education's summary judgment motion in favor of the Board of Education because Sebest was entitled to judgment as a matter of law and because a reasonably (sic) jury could find in Sebest's favor on the breach of contract claim."
 {¶ 13} "The trial court erred in granting the Board of Education's summary judgment motion because a reasonably (sic) jury could find that the Board breached the parties' employment contract by failing to "negotiate" with Sebest as the contract required."
 {¶ 14} Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Stateex rel. Parsons v. Flemming (1994), 68 Ohio St.3d 509, 511. When reviewing a summary judgment case, appellate courts are to apply a de novo standard of review. Cole v. American Indus. andResources Corp. (1998), 128 Ohio App.3d 546, 552. Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. Hoyt, Inc. v. Gordon Assoc.,Inc. (1995), 104 Ohio App.3d 598, 603.
 Ambiguous Contract Terms {¶ 15} Sebest's claim against the Board arises out of an alleged breach of contract. In examining whether a party is entitled to summary judgment as a matter of law as to a breach of contract claim, the Ohio Supreme Court has noted:
 {¶ 16} "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term." (Citations omitted.) Davis v. Loopco Industries, Inc. (1993),66 Ohio St.3d 64, 66.
 {¶ 17} "Thus, when contract terms are ambiguous and one interpretation supports some recovery for the defendant, the trial court may not enter summary judgment in favor of the plaintiff. Cincinnati Ins. Co. v. Industrial Restoration, Inc. (May 17, 1996), Lucas App. 95-352, unreported, 1996 WL 256604;Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,246. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation.Money Station, Inc. v. Electronic Payment Serv., Inc. (1999),136 Ohio App.3d 65, 71." Frenchtown Square Partnership v.Lemstone, Inc. (May 10, 2001), 7th Dist No. 99 CA 300 at 3.
 {¶ 18} The contract in the present case provides in relevant part:
 {¶ 19} "The Said Board of Education in consideration of the services rendered by the Treasurer, hereby agrees to pay the said Treasurer an annual salary of $48,000 as adopted by the Board on March 25, 1999. If a renewal contract is adopted, said annual salary will be negotiated for each year of the contract and may be increased by action of the Board of Education at any time as per Ohio Revised Code 3313.24. That the Treasurer per diem be based on 260 work days and divided into his total annual salary."
 {¶ 20} Sebest argues the Board breached the contract in two ways. First, Sebest asserts the Board impermissibly decreased his original salary of $48,000 to $44,000. Sebest claims that the renewal clause refers back to "said annual salary." The word "said" tends to describe something "aforesaid" or "above mentioned." Black's Law Dictionary (7th Ed. 1999) 1337. In that case, the renewal clause would appear to be referencing the $48,000 salary mentioned in the preceding line. The problem with that interpretation is that the language immediately following "said annual salary" states that the salary will be negotiated. This implies that the salary is not a set amount but rather an amount that will need to be negotiated for every year of the contract, as argued by the Board. This in itself creates an ambiguity which could potentially warrant reversal.
 {¶ 21} In an attempt to interpret this ambiguity in his favor, Sebest appears to argue that the salary could be negotiated to something higher than the $48,000 but could not be decreased because the clause only says the salary "may be increased." We find this to be a reasonable interpretation, albeit not the only interpretation which could be given to this clause, especially as the Board has argued alternative interpretations of the contract it drafted. Consequently, we conclude that the drafting of the contract has created an ambiguity which would preclude the proper granting of summary judgment. However, this does not complete our analysis.
 Question of Fact Regarding Negotiation {¶ 22} Sebest's second claim is that pursuant to the contract the annual salary of the treasurer was to be negotiated, and that the Board breached the renewal contract by failing to negotiate his salary. Sebest attached several exhibits to his motion for summary judgment which include: (1) the resolution adopted by the Board when setting his salary; (2) Sebest's acknowledgement of receiving the Board's contract; (3) an affidavit of board member Carmel Gerlick; and, (4) deposition of the president of the board Dr. Walter Rusnak. Although each of the four exhibits in some way bolster Sebest's argument that the contract was breached, the manner in which the Board presented the renewal contract is dispositive of the issue.
 {¶ 23} It is significant that the resolution passed by the Board confirmed Sebest's salary was set at $44,000. The resolution further stated that once a formal written contract had been given to Sebest, he would have two weeks to review the contract before making a decision whether to accept. The affidavit of Board member Carmel Gerlick explained.
 {¶ 24} "After the Board passed the resolution, president Rusnak presented it to Sebest in the form of a resolution, leaving Sebest's (sic) without the opportunity to negotiate over the terms. The Board did not offer Sebest the opportunity to negotiate over the terms."
 {¶ 25} Because the language of the resolution coupled with Gerlick's affidavit implies that the salary was not negotiable, we conclude the manner in which the contract was presented by the Board could lead a reasonable fact-finder to believe that the contract was breached. Accordingly, there remains a genuine issue of material fact as to whether or not Sebest was afforded the chance to negotiate his salary. The trial court, therefore, erred by granting summary judgment to the Board.
 {¶ 26} According, Appellant's assignments of error are meritorious, the judgment of the trial court is reversed and this cause is remanded for further proceedings.
Waite, P.J., and Donofrio, J., concur.