LITTLE FOREST MEDICAL CENTER OF AKRON, Appellant,

v.

OHIO CIVIL RIGHTS COMMISSION et al., Appellees.

[Cite as *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1993), 91 Ohio App.3d 76.]

Court of Appeals of Ohio,
Summit County.

No. 16136.

Decided Oct. 6, 1993.

*David H. Shaffer* and *Gayle Montalto,* for appellant.

*Lee Fisher,* Attorney General, and *Wayne Kriynovich,* Assistant Attorney General, Civil Rights Section, for appellees.

---

REECE, Judge.

Appellant, Little Forest Medical Center of Akron ("Little Forest"), appeals an order of the Summit County Court of Common Pleas that determined the amount of back pay Little Forest owed Rayferd Lawson as damages for gender discrimination in its refusal to hire Lawson as a nurse's aide. We affirm.

This is the second time this case is before this court. See *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (Apr. 11, 1990), Summit App. No. 14312, unreported, 1990 WL 42262, reversed (1991), 61 Ohio St.3d 607, 575 N.E.2d 1164. Accordingly, a brief synopsis of the prior proceedings is necessary before we can review the issues on this appeal.

On June 19, 1986, Rayferd Lawson was denied a position as a nurse's aide at Little Forest's skilled nursing facility for the elderly. Little Forest rejected Lawson for the position because he was male and a portion of his duties would involve close, intimate contact with the residents, most of whom were female.

On October 29, 1986, Lawson filed a gender discrimination charge with the Ohio Civil Rights Commission ("the commission"). On January 5, 1987, while the commission proceedings were pending, Lawson enrolled as a full-time student at Southern Ohio College ("SOC"). During the period he was a full-time student, Little Forest offered Lawson a custodial maintenance position which paid $.70 per hour more than the nurse's aide position. Lawson rejected the maintenance position because it was not related to the health care field. Lawson continued as a full-time student at SOC until March 21, 1988.

On August 18, 1988, Lawson was hired as a nursing assistant at the Stow Glen Retirement Village. Two months later, on October 18, 1988, Lawson ended his employment with Stow Glen when he refused to change a patient's colostomy bag.

On October 6, 1988, the commission released its findings concerning Lawson's complaint. The commission found that Little Forest had discriminated against Lawson based on his gender and ordered Little Forest to offer Lawson the nurse's aide position and pay him back pay from the date he was denied employment. Little Forest sought review of the commission's order in the common pleas court. On September 27, 1989, the common pleas court affirmed the commission's decision.

This court affirmed in part and reversed in part the decision of the common pleas court. We found that the decision of the commission was not supported by reliable, probative, and substantial evidence and that Little Forest's liability for back pay ended when Little Forest offered Lawson substantially similar employment in its maintenance department. *Little Forest* (1990), *supra*, at 6–8.

The Ohio Supreme Court reversed. The Supreme Court found that Little Forest failed to establish a bona fide occupational qualification exception to justify its discriminatory hiring criteria. *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 614–615, 575 N.E.2d 1164, 1170–1171. The court also held that the maintenance position Little Forest offered Lawson was not substantially similar to the nurse's aide position and therefore the offer did not toll the accrual of the back pay period. *Id.* at 615, 575 N.E.2d at 1170–1171. Consequently, the judgment of the commission was reinstated and the case was remanded to the common pleas court for a determination of Little Forest's back pay liability. Immediately after the Supreme Court's decision, Little Forest offered Lawson the nurse's aide position on September 5, 1991. Lawson rejected the offer.

On remand in the common pleas court, the parties entered stipulations of fact. The court found that Little Forest's claims for offsets and reductions in the back pay award were not applicable and awarded Lawson $17,760 as stipulated by the parties. The court also awarded prejudgment interest from the date of Little Forest's refusal to hire Lawson to the date of Lawson's employment at Stow Glen. Little Forest appeals the court's back pay determination, asserting six assignments of error.

### Assignments of Error 1 and 3

"1. The court of common pleas erred when it ruled that appellee was entitled to receive back pay during the time he was enrolled as a full-time college student."

"3. The court of common pleas erred when it granted appellee back pay when the uncontroverted facts show that appellee was unsuited for employment in the job upon which the back pay was predicated."

Little Forest in its first and third assignments of error argues that the common pleas court erred in determining the back pay award because it did not factor in the time Lawson was enrolled as a full-time student and did not consider Lawson's short-lived tenure as a nursing assistant at Stow Glen. Little Forest did not raise either of these issues during the common pleas court's first review of the commission's order in 1989. Likewise, Little Forest did not raise either of these issues as assignments of error in its first appeal to this court in 1990.

A fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's attention. *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 210, 24 O.O.3d 316, 317–318, 436 N.E.2d 1001, 1003–1004. Thus, a party has waived the right to appeal an issue that was in existence prior to or at the time of trial if that party did not raise the issue at the appropriate time in the court below. See *State v. Awan* (1986), 22 Ohio St.3d 120, 123, 22 OBR 199, 202–203, 489 N.E.2d 277, 279, 280; *Van Camp v. Riley* (1984), 16 Ohio App.3d 457, 463, 16 OBR 539, 544–545, 476 N.E.2d 1078, 1084.

The issues Little Forest seeks to have reviewed, Lawson's full-time college enrollment and his employment at Stow Glen, were both in existence at the time of the proceedings below. The issue of Lawson's college enrollment could have been raised during the commission's final hearing on Lawson's complaint on May 24, 1988. In addition, after the commission's decision on October 6, 1988, Little Forest could have moved under Ohio Adm.Code 4112–3–11 to have the commission reconsider its order based on either or both of these issues. Finally, Little Forest could have raised these issues in the common pleas court in 1989 by invoking the court's power to accept additional evidence and modify an order of the commission. *Miller Properties v. Ohio Civ. Rights Comm.* (1972), 34 Ohio App.2d 113, 120, 63 O.O.2d 169, 172–173, 296 N.E.2d 300, 304; *Ohio Civ. Rights Comm. v. David Richard Ingram, D.C., Inc.* (Aug. 19, 1992), Wayne App. No. 2713, unreported, at 5, 1992 WL 204790, appeal pending in No. 92–2059.

Accordingly, because it did not raise the issue of Lawson's full-time college enrollment or his short-lived tenure as a nursing assistant at the appropriate time in the proceedings below, Little Forest has waived any error on these issues on this appeal. Appellant's first and third assignments of error are overruled.

Assignment of Error 2

"The court of common pleas erred when it disregarded newly discovered evidence in support of appellant's claim that its earlier offer of employment to appellee of work in the appellant's maintenance department should toll the accrual of back pay."

Little Forest argues in its second assignment of error that its offer to Lawson of a maintenance position tolled its back pay liability because Lawson was willing to accept employment in any position regardless of whether it was in the health care field.

■ By awarding back pay, a court attempts to make the victim of discriminatory employment practices whole. *Ford Motor Co. v. Equal Emp. Opportunity Comm.* (1982), 458 U.S. 219, 230, 102 S.Ct. 3057, 3064–3065, 73 L.Ed.2d 721, 732. To this end, even if a discrimination victim accepts a demotion, a different position, or enters into another line of work, the employer continues to be liable for back pay unless the discrimination victim accepts or rejects a job substantially similar to the one he was denied. *Id.* at 231–232, 102 S.Ct. at 3065–3066, 73 L.Ed.2d at 732–733.

■ The Ohio Supreme Court has already held in this case that the maintenance position was not substantially similar to the nurse's aide position Lawson was denied. *Little Forest*, 61 Ohio St.3d at 615, 575 N.E.2d at 1170–1170. The law of the case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412; *State v. Papadelis* (Sept. 4, 1991), Medina App. No. 1976, unreported, at 4, 1991 WL 172904. The purpose of this doctrine is to ensure the consistency of results in a case by conclusively settling issues that have already been litigated. Thus, a reviewing court will not reevaluate a previously settled issue unless the complaining party establishes that an injustice will result. *Nolan, supra.*

■ The Supreme Court has expressly settled this issue. Nevertheless, Little Forest offers as newly discovered evidence facts from 1987 concerning Lawson's search for substantially similar employment. This evidence, however, could have been discovered through the exercise of reasonable diligence while this case was being litigated its first time through the appellate process. See Civ.R. 59(A)(8). Therefore, because Little Forest has failed to show that an injustice will result, this court will not question the Supreme Court's holding in this case.

Appellant's second assignment of error is overruled.

### Assignment of Error 4

"The court of common pleas erred when it granted appellee back pay in a nurse's aide position since appellee rejected appellant's unconditional offer of employment as a nurse's aide after he became a prevailing party."

Little Forest's fourth assignment of error is meritless. In making a discrimination victim whole, the court must fashion a remedy which, as far as possible, restores the victim to a position where he would have been were it not for the unlawful discrimination. *Ford Motor Co., supra.* Little Forest's unconditional offer of employment as a nurse's aide was made to Lawson immediately after the Supreme Court announced its decision in this case in September 1991. Offering a victim of discrimination unconditional employment more than five years after he was denied a job for discriminatory reasons does not restore him to a position where he would have been but for the unlawful discrimination. Consequently, the back pay award was appropriate in this case to redress Little Forest's discrimination and make Lawson whole for the period prior to Little Forest's offer of employment as a nurse's aide.

Appellant's fourth assignment of error is overruled.

### Assignments of Error 5 and 6

"5. The court of common pleas erred when it granted appellee pre-judgment interest on the back pay awarded to him."

"6. The court of common pleas erred when it found that the appellant's initial refusal to hire appellee as a nurse's aide was unfounded, misguided, extremely ill-advised, deliberate and malicious."

In its order determining Little Forest's back pay liability, the court of common pleas stated in pertinent part:

"As to prejudgment interest, the Court finds that Rayferd Lawson should be put in the same position that he would have been were it not for the unlawful discrimination. Ohio Civil Rights Commission awarded back pay damages from June 17, 1986 to the offer of employment. The amount is stipulated and is undisputed. The award runs to August 19, 1988 when Rayferd Lawson was employed at Stow Glen.

"The Court finds that the actions of Plaintiff was [*sic*] not only unfounded, misguided and extremely ill advised, but were also deliberate and malicious. Based upon this finding the Court awards prejudgment interest from June, 1986 to the date of payment.  * * * "

Prejudgment interest is routinely awarded in back pay cases to restore victims of discrimination to the economic position they would have

enjoyed had the discrimination not occurred. *Equal Emp. Opportunity Comm. v. Wooster Brush Co. Emp. Relief Assn.* (C.A.6, 1984), 727 F.2d 566, 579; *David Richard Ingram, D.C., Inc., supra,* at 10. Thus, the common pleas court's finding of deliberate and malicious conduct, although inappropriate, was not necessary to award Lawson prejudgment interest in this case. Instead, the court's decision that "Lawson should be put in the same position that he would have been were it not for the unlawful discrimination" established a sufficient basis from which the court could award prejudgment interest. Appellant's fifth and sixth assignments of error are overruled.

Little Forest's six assignments of error are without merit. Accordingly, the order of the court of common pleas is affirmed.

*Judgment affirmed.*

COOK, P.J., and BAIRD, J., concur.