JOURNAL ENTRY AND OPINION
{¶ 1} Frank Gliozzo ("Gliozzo") appeals the trial court's decision granting the motion to dismiss filed by University Urologists of Cleveland, Inc. and Martin Resnick, M.D., (collectively referred to as "appellees"). For the following reasons, we reverse the decision of the trial court.
 {¶ 2} On November 14, 2003, Gliozzo filed a medical malpractice action against appellees. Gliozzo attempted unsuccessfully to serve the complaint via certified mail. The docket reflected the failure of the certified mail, and the Cuyahoga County clerk's office mailed a copy of this failure to Gliozzo's attorney. Gliozzo's attorney failed to make any further attempt to serve appellees.
 {¶ 3} Although not served with the complaint, appellees obtained leave to plead and filed an answer asserting various affirmative defenses, including that the claims were barred by the statute of limitations and insufficient service of process.
 {¶ 4} In April 2005, nine days prior to trial, appellees moved to dismiss the action, claiming that Gliozzo had failed to commence the action within the applicable statute of limitations.[1] Although recognizing that the motion might have merit, the court denied the motion as untimely because the dispositive motion deadline had passed. On the day of trial, appellees orally moved for leave to renew their motion to dismiss. After hearing arguments from both sides, the trial court granted appellees' motion and dismissed the case with prejudice for failure to commence the action within the applicable statute of limitations.
 {¶ 5} Gliozzo appeals this decision, raising the three assignments of error contained in the appendix to this opinion.
 {¶ 6} In his first assignment of error, Gliozzo argues that the trial court committed reversible error in granting appellees' motion to dismiss. He claims that appellees voluntarily submitted themselves to the court's jurisdiction by fully litigating this matter. We agree.
 {¶ 7} A court must obtain personal jurisdiction over a defendant to consider and decide a case. Coke v. Mayo (Feb. 4, 1999), Franklin App. No. 98AP-550, citing Maryhew v. Yova
(1984), 11 Ohio St.3d 154, 156. A court obtains personal jurisdiction over the defendant by one of three ways: 1) by service of process; 2) by the defendant voluntarily appearing and submitting to the court's jurisdiction; or 3) by the defendant involuntarily submitting to the court's jurisdiction by waiving affirmative defenses. Maryhew, supra at 156. "The latter may more accurately be referred to as a waiver of certain affirmative defenses." Id.
 {¶ 8} Service of process is the necessary prerequisite to the commencement of a civil action. Gaul v. Crow (Sept. 22, 1999), Cuyahoga App. Nos. 74600, 74608-74612, citing Lash v. Miller
(1977), 50 Ohio St.2d 63. Pursuant to Civ.R. 3(A), an action is commenced by filing a complaint with the court, if service is obtained on a defendant within one year. See, also, R.C. 2305.17. However, an action may be dismissed when service of process has not been obtained after the passage of more than one year.Maryhew, supra at 157, citing Lash, supra.
 {¶ 9} In the present case, Gliozzo admits the failure to perfect service upon appellees. However, Gliozzo argues that by participating in the litigation of this case almost to trial, appellees have submitted themselves to the jurisdiction of the trial court and waived their right to proper service. We agree with Gliozzo's argument.
 {¶ 10} The Ohio Supreme Court has held that judgment may be rendered against a defendant who is not properly served with process where the record shows he "has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense." Maryhew,
supra; see, also, Garnett v. Garnett, Cuyahoga App. No. 50857, 1986 Ohio App. LEXIS 7778. While the record reflects appellees timely filed the affirmative defense of insufficiency of process, the record also shows appellees contacted Gliozzo's counsel and requested a leave to plead, filed an answer, attended a case management conference, conducted discovery, exchanged expert reports, attended pretrials, filed a dispositive motion and filed motions in limine. A review of the docket demonstrates that appellees vigorously defended this case on the merits, up until the eve of trial.
 {¶ 11} We agree with this court's decision and rationale applied in Garnett and find that even though appellees raised the affirmative defense of insufficiency of process, the latter acts of appellees show that they "voluntarily submitted themselves to the court's jurisdiction and waived [their] objection to defective service." Garnett, supra.
 {¶ 12} Appellees rely heavily on this court's more recent decision of Holloway v. Gen. Hydraulic Machine, Inc.,
Cuyahoga App. No. 82294, 2003-Ohio-3965. However, after reviewing the legal authority upon which the Holloway court based its decision, we are inclined to reassess our previous position. The purpose of the civil rules is to provide notice to a defendant of any pending legal action and all allegations involved in that action. Here, not only were appellees fully aware of the medical malpractice lawsuit filed by Gliozzo and the allegations contained therein, appellees vigorously participated in the litigation of this action. It was only on the eve of trial, long after dispositive motions had been filed, that appellees moved to dismiss for insufficiency of process.
 {¶ 13} Accordingly, we find that in the instant case, appellees voluntarily submitted themselves to the jurisdiction of the court and waived any objection to defective service.
 {¶ 14} Gliozzo's first assignment of error is sustained.
 {¶ 15} Our analysis of Gliozzo's first assignment of error renders his second and third assignments of error moot.
 {¶ 16} Judgment reversed. This matter is remanded for action consistent with this opinion.
It is ordered that the appellant recover from appellees costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs;
 Cooney, P.J., Dissents. (See Separate dissenting opinionattached.)
 Appendix Assignments of Error: "I. The trial court committed reversible error when it failedto find that the plaintiff's action was commenced when thedefendants voluntarily submitted themselves to the court'sjurisdiction by fully litigating this matter.
 II. The trial court committed reversible error when it grantedthe defendants' motion to dismiss.
 III. The trial court committed reversible error when it abusedits discretion by granting both the defendants' motion forreconsideration and motion to dismiss on the day of trial."
 COURT OF APPEALS OF OHIO EIGHTH DISTRICT COUNTY OF CUYAHOGA NO. 86371
FRANK GLIOZZO : :
Plaintiff-Appellant : DISSENTING :
vs. : OPINION :
UNIVERSITY UROLOGISTS OF : CLEVELAND, INC., ET AL. : :
Defendants-Appellees :
DATE: April 6, 2006
[1] It is undisputed that the one-year statute of limitations would have expired on November 28, 2003.