[Cite as *Natl. City Bank v. Goodyear Tire & Rubber Co.*, 2014-Ohio-2977.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100178**

---

# NATIONAL CITY BANK, EXECUTOR, ETC.

PLAINTIFFS-APPELLANTS

vs.

# GOODYEAR TIRE & RUBBER CO., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-695883

**BEFORE:** Jones, P.J., Keough, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEYS FOR APPELLANTS**

Thomas W. Bevan
Jessica M. Bacon
Joshua P. Grunda
Bevan & Associates L.P.A. Inc.
6555 Dean Memorial Parkway
Boston Heights, Ohio 44236


**ATTORNEYS FOR APPELLEES**

**For Vanderbilt Minerals, L.L.C.**

Bruce P. Mandel
James N. Kline
Kurt S. Siegfried
Robert E. Zulandt, III
Ulmer & Berne L.L.P.
Skylight Office Tower
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113

**For Union Carbide Company**

Matthew M. Daiker
Perry W. Doran, II
Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216

LARRY A. JONES, SR., P.J.:

**{¶1}** Plaintiffs-appellants, the estate of Paul Watson, Sr.[1] and Brenda Watson (collectively referred to as "plaintiffs" or "appellants"), appeal the trial court's decision dismissing their complaint with prejudice. We affirm.

## I. Procedural History

**{¶2}** In 2005, Paul and Brenda Watson filed suit against numerous defendants, including defendants-appellees, Vanderbilt Minerals, L.L.C., f.k.a. R.T. Vanderbilt Company ("Vanderbilt") and Union Carbide Company. The complaint alleged that Paul sustained some form of disease or disability associated with exposure to asbestos-containing products that were present on his work sites and were manufactured or distributed by the named defendants. Brenda Watson alleged a loss of consortium claim.

**{¶3}** Paul Watson passed away in 2006, and a vice president at National City Bank was appointed executor of his estate; the estate was filed in Montgomery County Probate Court.

**{¶4}** The plaintiffs filed a motion for leave in the trial court to substitute parties and amend the complaint to add a wrongful death claim, which the court granted. In January 2008, National City Bank was appointed representative of the estate in probate court and another motion for leave to substitute parties and amend the complaint was filed and granted by the trial court. On June 23, 2008, the plaintiffs voluntarily dismissed the

---

[1]Although the case caption lists National City Bank, Executor of the Estate of Paul R. Watson, Sr., as a plaintiff-appellant, National City Bank is not a party to the appeal.

complaint.

{¶5} In August 2008, National City Bank submitted an application in probate court to resign as executor of Paul Watson's estate. The next month, in September 2008, the probate court accepted the bank's resignation and appointed Harry Beyoglides as executor.

{¶6} On June 16, 2009, the plaintiffs, represented by the same law firm, refiled the current action against 102 named defendants, including Vanderbilt and Union Carbide, and 100 John Doe defendants.

{¶7} On the refiled complaint, plaintiffs' counsel, Bevan & Associates, identified National City Bank, not Harry Beyoglides, as the plaintiff and executor of the estate of Paul Watson. The law firm also named Brenda Watson as a plaintiff and alleged a loss of consortium claim. Unlike the first complaint, however, the body of the refiled complaint made no allegations specific to Paul Watson, his estate or heirs, or Brenda Watson.[2]

{¶8} In April 2013, Vanderbilt filed a motion to dismiss arguing that since National City Bank was not the executor of the estate at the time of the filing of the complaint, the complaint was a nullity. Vanderbilt also moved for dismissal on the grounds that the plaintiffs failed to state a claim upon which relief could be granted under Civ.R. 12(C). Union Carbide filed a notice of joinder in Vanderbilt's motion to dismiss.

{¶9} The plaintiffs objected to the motion to dismiss, initially claiming that the failure to name Beyoglides as the plaintiff and executor of Watson's estate was excusable

---

[2] The body of the complaint identified the decedent as Robert Connell and the loss of consortium plaintiff as Connie Connell; presumably, this was a clerical error, but the plaintiffs never corrected the error by asking for leave to file an amended complaint pursuant to Civ.R. 15.

neglect because plaintiffs were unaware that Beyoglides, not National City Bank, was the estate representative at the time the complaint was refiled. The plaintiffs also filed a motion for substitution to substitute Beyoglides as the estate representative.

{¶10} The trial court held a hearing on the motion to dismiss. After the hearing, the trial court granted the motion to dismiss, finding that the complaint was a nullity because it was not brought by the proper party and the case was barred by the statute of limitations because it was not refiled within one year of the voluntary dismissal of the first complaint. The court dismissed the case with prejudice.

{¶11} The plaintiffs filed a timely notice of appeal and raised the following assignments of error for our review:

[I]. The trial court erred in dismissing this case.

[II]. The trial court erred in dismissing the loss of consortium claim.

## II. Law and Analysis

{¶12} "'An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo.'" *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶ 91, quoting *State ex rel. Malloy v. Girard*, 11th Dist. Trumbull No. 2006-T-0019, 2007-Ohio-338, ¶ 8.

{¶13} The complaint in this case alleged claims for personal injury and wrongful death pursuant to R.C. 2305.10 and 2125.02, respectively. The statute of limitations for personal injury claims is two years after a cause of action accrues. R.C. 2305.10. The statute of limitations for wrongful death claims is two years after the potential plaintiff's

death.    R.C. 2125.02.

**{¶14}** R.C. 2125.02 additionally provides that a wrongful death action may only be brought in the name of the authorized estate representative:

(A) (1) Except as provided in this division, a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.

**{¶15}** As the appellants concede, the case was refiled in the wrong name.

**{¶16}** The plaintiffs refiled their complaint pursuant to Ohio's Savings Statute, which provides that a plaintiff or a plaintiff's representative "may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."   R.C. 2305.19.   Because Paul Watson died in 2006, the plaintiffs utilized the Ohio Savings Statute to refile their claims even though the applicable statute of limitations had expired.   As a result, the plaintiffs had one year following the June 23, 2008 dismissal of the first complaint in which to refile the case.

**Excusable Neglect**

**{¶17}** Civ.R. 6(B) provides that if a civil rule specifies a time limit for any act, a court can still allow the act after the expiration of the stated time period, where the failure

to act in a timely manner was the result of excusable neglect. As it applies to this case, Civ.R. 25(C) provides that a motion for substitution of parties must be made within 90 days or the action "shall" be dismissed. A trial court's decision on whether a party's neglect was excusable may not be reversed absent an abuse of discretion. *Marion Prod. Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988).

{¶18} In its response to Vanderbilt's motion to dismiss and on appeal, the appellants argue that their failure to "completely identify parties" in their complaint amounts to excusable neglect under Civ.R. 6 because they were unaware that Beyoglides was the estate representative at the time they refiled the complaint. To support this claim, the appellants note that the certificate of service from National City Bank's application to resign as estate representative, filed in probate court, listed the incorrect zip code for Bevan & Associates. In addition, counsel for the plaintiffs averred that his firm was unable to locate the probate court journal entries appointing Beyoglides as executor and he did not remember receiving the entries.

{¶19} We find the appellants' claims to be without merit. Even if counsel never received the entries from probate court appointing Beyoglides as the estate representative, the record reflects that counsel had knowledge that Beyoglides was the executor of the estate before the motion to dismiss was filed, yet took no action to substitute the proper party as plaintiff.

{¶20} The trial court record contains a September 4, 2008 order issued by probate court that: (1) accepted National City Bank's resignation as executor of the estate; (2)

appointed Beyoglides as the successor administrator of the estate; and (3) ordered Bevan & Associates to "prepare any papers required to file any future settlements of wrongful death claims for approval." Although the appellants' attorney averred "there is no evidence of our office ever receiving this order" and he personally had "no recollection of having received" the order, the probate court issued notice to the firm at the correct address. Moreover, counsel never stated in his affidavit that he was unaware of the change in estate representative before the complaint was refiled.

{¶21} The record also contains an April 3, 2009 status report filed in probate court. The report, filed by Beyoglides, makes mention of the wrongful death lawsuit and that it was being handled by Bevan & Associates. The status report was filed two months prior to the refiling of the complaint in this case.

{¶22} Ten months later, on February 2, 2010, Beyoglides filed a report of distribution of Watson's assets in probate court that listed a payment of $2,500 to Bevan & Associates for attorney fees.

{¶23} But the evidence perhaps most damaging to the appellants is their own discovery responses that list Beyoglides as the executor of Paul Watson's estate. The responses were signed by a Bevan & Associates attorney and filed in the trial court on March 12, 2012, 11 months before Vanderbilt filed its motion to dismiss.

{¶24} In light of the above, the appellants' failure to properly identify the proper plaintiff bringing suit did not amount to excusable neglect.

**Capacity to Sue**

**{¶25}** Prior to the oral hearing on the motion to dismiss, the plaintiffs filed a supplemental brief that raised the issue of capacity to sue, which deals with a person's eligibility to commence the action and is typically determined without regard to the claims being asserted. *See Wanamaker v. Davis*, 2d Dist. Montgomery No. 2005-CA-151, 2007-Ohio-4340, ¶ 42.

**{¶26}** The appellants argue that they always had the capacity to sue the defendants; therefore, dismissing the complaint because they incorrectly named one of the plaintiffs was in error. Instead, the trial court should have allowed the plaintiffs to substitute Beyoglides for National City Bank. To support its argument that substitution of parties was the proper remedy, the appellants rely on *Mousa v. Mt. Carmel Health Sys.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661. In *Mousa*, a medical malpractice suit was filed on behalf of a deceased child by the child's estate even though the estate representative had not yet been appointed. More than a year after the filing of the lawsuit and after the statute of limitations had expired, the child's mother was appointed executor of the estate. The *Mousa* court determined that when a question exists as to whether an individual in a wrongful death action had been properly appointed an administrator of a decedent's estate, the proper remedy is the substitution of the proper representative, rather than dismissal of the action. *Id.* at ¶ 18, citing *De Garza v. Chetister*, 62 Ohio App.2d 149, 155, 405 N.E.2d 331 (6th Dist.1978).

**{¶27}** The *Mousa* court reasoned that the parents had standing to bring a wrongful death action even though an estate representative had not yet been named at the time the

suit was commenced since the child's parents were the injured parties in the wrongful death action and, because they were beneficiaries of the decedent, they were also the real parties in interest. *Mousa* at ¶ 19.

{¶28} The appellants rely on *Mousa* to argue that the trial court should have allowed it to substitute Beyoglides as the proper plaintiff, arguing that the real issue is not whether they had standing to sue, but the capacity of the administrator to sue on behalf of the estate. According to the appellants, since the real party in interest, the estate of Paul Watson, did not change, standing also was not affected; the only thing that was affected was the capacity of the administrator of the estate.

{¶29} Vanderbilt argues that *Mousa* is distinguishable, and we agree. In *Mousa*, as in the other cases the appellants cite,[3] the estate representatives had not yet been appointed when the cases were filed and when the statute of limitations expired. The complaints were also filed by parties in interest. In this case, National City Bank was not a party in interest and Beyoglides was appointed the executor of Paul Watson's estate a year prior to the refiling of the complaint.

{¶30} The *Mousa* court also relied heavily on the fact that the defendants failed to raise the affirmative defense of capacity to sue in their answer. Although the appellants claims that Vanderbilt likewise failed to raise the affirmative defense of capacity to sue, both Vanderbilt and Union Carbide properly raised all affirmative defenses by entering

---

[3] *Klinger v. Corr. Corp. of Am., Inc.*, N.D.Ohio No. 4:11cv2299, 2012 U.S. Dist. LEXIS 176246 (Dec. 12, 2012), *Wanamaker*, 2d Dist. Montgomery No. 2005-CA-151, 2007-Ohio-4340; *Douglas v. Daniels Bros. Coal Co.*, 135 Ohio St. 641, 22 N.E.2d 195 (1939).

notices of appearance in accordance with the trial court's Case Management Order.

**Case Management Order — Asbestos Docket**

{¶31} To manage the large amount of asbestos-related cases, the Cuyahoga County Common Pleas Court developed a specialized asbestos docket. In 1997, the court implemented Local Rule 16 as a special provision related to asbestos litigation. Loc.R. 16 of the Court of Common Pleas of Cuyahoga County, General Division, provides:

> (A) In an action involving any allegation for injury or death arising from exposure to asbestos, the rules of civil procedure governing a civil action shall apply except as provided by this rule.
>
> (B) The caption of all legal papers filed in the action shall contain the designation "Civil Action — Asbestos."
>
> (C) Within twenty-eight (28) days after service of the complaint, the defendant shall enter an appearance which shall constitute:
>
> (1) a denial of all averments of fact in the complaint;
>
> (2) an allegation of all affirmative defenses; and
>
> (3) a claim for indemnification and contribution from any other party.
>
> By filing an entry of appearance, all averments of appearance, all averments of fact are deemed denied (subdivision (c)(1)), all affirmative defenses are deemed alleged (subdivision (c)(2)), and each defendant is deemed to have asserted a claim for indemnity and contribution against each other party (subdivision (c)(3)).

{¶32} An electronic filing system was first implemented in 1998 to manage voluminous filings in asbestos-relate cases. In 2003, the system was replaced with the current "File & Serve" electronic filing system. To implement the File & Serve system, the court issued a 42-part document titled In Re: Special Docket No. 73958, Case

Management Order to Implement Lexis-Nexis File & Serve In Place of CLAD ("Case Management Order").

**{¶33}** The Case Management Order provides:

4.  Answer

Defendants and Third-Party Defendants are no longer to file answers to Plaintiff's Complaints or Third-Party Complaints in asbestos litigation in Cuyahoga County, Ohio.   Rather, the following procedure will apply:

a.   Within 28 days after service of the Complaint, the Defendant or Third-Party Defendant shall enter an appearance which shall constitute:

i. a denial of all averments of fact in the Complaint or Third-Party Complaint, and;

ii. an allegation of all affirmative defenses.

**{¶34}** The appellants claim that Vanderbilt's method of raising the defense of capacity to sue pursuant to the trial court's Case Management Order did not serve to raise it as an affirmative defense because this section of the trial court's Case Management Order is unconstitutional in that it conflicts with the Civil Rules.   At   oral argument, for the first time, the appellants additionally claimed that Loc.R. 16 is likewise unconstitutional because it conflicts with the Civil Rules.

**{¶35}** We need not reach the merits of the appellants' arguments, however, because they have waived these claims by not raising them at the trial court level.   "'A fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's attention.'"   *Kimberly Entertainment Corp. v. Liquor Control Comm.*, 10th Dist. Franklin No. 96APE05-581,

1996 Ohio App. LEXIS 5313, *5 (Nov. 26, 1996), quoting *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.*, 91 Ohio App.3d 76, 80, 631 N.E.2d 1068 (9th Dist.1993). "A party waives 'the right to appeal an issue that was in existence prior to or at time of trial if that party did not raise issue at the appropriate time in court below.'" *Kimberly* at *id.* quoting *Little Forest* at *id.* "As a result, 'constitutional rights may be lost as finally as any others by a failure to assert them at the proper time.'" *Kimberly* at *id.* quoting *State v. Childs*, 14 Ohio St.2d 56, 62, 236 N.E.2d 545 (1968); *Atkins v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 08AP-182, 2008-Ohio-4109, ¶ 19.

{¶36} The plaintiffs raised the issue of capacity to sue prior to the trial court's hearing on the motion to dismiss. At no time prior to its appellate brief, however, did the appellants claim that the Case Management Order was unconstitutional. And it was not until appellate oral argument that the appellants first claimed that Loc.R. 16 was unconstitutional.

{¶37} While the appellants raise an interesting argument, neither party has had the opportunity to fully brief the issue, nor has the trial court had the chance to give the argument its consideration.

{¶38} In light of the above, the appellants have waived their constitutional argument.

**Complaint is a Nullity**

{¶39} Because National City Bank no longer represented Paul Watson's estate at the time the complaint in the instant case was filed, it was not a proper party plaintiff.

This fact was known to the plaintiffs, through counsel, possibly before the complaint was filed, likely by October 2009 when Beyoglides recommended Bevan & Associates receive $2,500 in attorney fees paid out of the estate, and most assuredly by March 2012 when the plaintiffs filed their discovery response. Yet at no time prior to Vanderbilt filing its motion to dismiss did the plaintiffs move to amend the complaint and/or file a substitution of parties. Simply put, National City Bank was an improper party plaintiff on the case for over four years.

{¶40} This failure on behalf of the appellants is not a pleading technicality but, rather, a question of legal authority on the part of one person, or entity, to act for another. For example, no one would consider that National City Bank, not being the estate representative, could sign a release of liability in exchange for settlement of a lawsuit. *See, generally*, *Whitley v. River's Bend Health Care*, 183 Ohio App.3d 145, 150, 2009-Ohio-3366, 916 N.E.2d 515 (4th Dist.).

{¶41} Therefore, based on our de novo review, we find that the trial court correctly determined that the appellants' claims were time-barred and dismissed the complaint with prejudice.

{¶42} The first assignment of error is overruled.

**Loss of Consortium Claim**

{¶43} In the second assignment of error, the appellants claim that the trial court erred in dismissing Brenda Watson's loss of consortium claim.

{¶44} A claim for loss of consortium is derivative of the other claims and, although

a separate cause of action, can only be maintained if the primary cause of action is proven.

*Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 92-93, 585 N.E.2d 384 (1992); *Turk v. Novacare Rehab. of Ohio*, 8th Dist. Cuyahoga No. 94635, 2010-Ohio-6477;*Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88 (8th Dist.); *Breno v. Mentor*, 8th Dist. Cuyahoga No. 81861, 2003-Ohio-4051. Because there was no underlying or primary cause of action to be proven in this case, the loss of consortium claim was also properly dismissed.

{¶45} The second assignment of error is overruled.

**Cross-Assignment of Error**

{¶46} Vanderbilt raises a cross-assignment of error to prevent reversal under App.R. 3(C)(2), which provides that a cross-appeal is not required where an appellee seeks to defend a trial court's judgment "on a ground other than that relied upon by the trial court," but does not seek to change the judgment or order. *McCarthy v. Sterling Chem., Inc.*, 1st Dist. Hamilton Nos. C-110805 and C-110856, 2012-Ohio-5211, ¶ 9.

{¶47} The assigned error is as follows:

> The trial court's dismissal should also or independently be affirmed because plaintiff-appellant failed to state a claim upon which relief can be granted.

{¶48} In its motion to dismiss, Vanderbilt moved, in the alternative, for judgment on the pleadings pursuant to Civ.R. 12(C), which provides, "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings."

{¶49} Because the trial court dismissed the complaint with prejudice based on it

being a nullity and did not rule on Vanderbilt's Civ.R. 12(C) motion to dismiss, Vanderbilt asks this court to independently review its motion and find that there was an additional basis to dismiss the complaint based on Civ.R. 12(C). We decline to do so; based upon our disposition of the first assignment of error resulting in an affirmance of the trial court's decision, Vanderbilt's cross-assignment of error is moot and need not be considered.

{¶50} The cross-assignment of error is overruled.

{¶51} Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR