ANITA LASTER MAYS, J.:
{¶ 1} Plaintiff-appellant Darlene Case ("Case"), personal representative of the heirs and estate of her late father Richard Hall ("Hall"), appeals the trial court's dismissal of the instant lawsuit against defendant-appellee, John Crane, Inc. ("JCI"), for lack of personal jurisdiction. We affirm the judgment of the trial court.
I. Background and Facts
{¶ 2} Hall, a resident of the city of Bloomingdale, Jefferson County, Ohio from 1965 to 2009, was allegedly exposed to asbestos during his 31 years of employment (1965 to 1996) at National Steel Corporation, Weirton Steel Division ("Weirton"), located in the city of Weirton, Hancock County, West Virginia.[1] Hall was also exposed to asbestos while performing personal automobile brake repairs and home remodeling projects.
{¶ 3} Hall developed malignant mesothelioma and, on March 2, 2010, filed a product liability suit against multiple parties including JCI. Hall alleged that the parties manufactured or distributed asbestos-containing products that were used in Weirton's operations during Hall's employment. Hall died on July 31, 2010, and Case was substituted as the representative of the estate and heirs in the action.
{¶ 4} The case was placed on the specialized asbestos docket of the Cuyahoga Common Pleas Court. JCI filed notices of appearance on April 12, 2010.
{¶ 5} Case argues that JCI actively participated in the litigation for more than seven years by filing over 30 notices, motions, and replies as well as exchanging correspondence. On June 1, 2012, JCI moved to transfer the case to Hancock County, West Virginia or Jefferson County, Ohio based on the doctrine of forum non conveniens. The trial court denied the request. JCI remained active in the case and participated in discovery as well as *206 designated experts, witnesses, and exhibits for the May 3, 2017 trial date.
{¶ 6} On March 9, 2017, JCI moved to continue the trial to conduct destructive testing of pathology materials and asserted that the parties were diligently working toward trial preparation. JCI's attorneys obtained pro hac vice admission and collaborated on joint motions, case management orders, and amendments.
{¶ 7} On August 3, 2017, JCI filed a motion to dismiss for lack of personal jurisdiction. JCI argued that it is incorporated in Delaware with a principal place of business in Illinois and that it does not reside in Ohio. The trial court granted leave for JCI to develop the jurisdictional challenge and entertained oral arguments on August 30 and August 31, 2017.
{¶ 8} On November 7, 2017, the trial court entered a final order granting the motion to dismiss without prejudice, finding that JCI
[p]reserved its right to raise all affirmative defenses by the filing of counsel's notice of appearance (per this [c]ourt's Standing Order No. 7), and further that participation in the defense of this lawsuit did not waive the defense of lack of in personam jurisdiction (per Gliozzo v. Univ. Urologists of Cleveland, Inc. , 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714 ), and further that this Court lacks general and specific jurisdiction. * * * [Per Bristol-Myers Squibb Co. v. Superior Court , --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395 (2017) ], the motion to dismiss * * * is granted, pursuant to the above, and * * * dismissal is made in accordance with Civ.R. 41(B)(4)(a).
Order and final Journal Entry No. 101274805 (Nov. 7, 2017).
{¶ 9} A timely appeal was filed on December 6, 2017.[2]
II. Assigned Error
{¶ 10} Case poses a single assigned error:
The trial court erred in dismissing [p]laintiff's claims against John Crane, Inc. for lack of personal jurisdiction, in violation of Civ.R. 12(H)(1) and Gliozzo v. University Urologists of Cleveland, Inc. , 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 7-9, because John Crane, Inc. failed to preserve an objection to personal jurisdiction as required by Ohio law.
III. Analysis
{¶ 11} Case argues that JCI waived the right to challenge personal jurisdiction by failing to raise the issue in its initial pleading pursuant to Civ.R. 12(H)(1). See Weiss, Inc. v. Pascal , 8th Dist. Cuyahoga No. 82565, 2003-Ohio-5824, 2003 WL 22456728, ¶ 7. Case offers that "[b]y excusing JCI's failure, Loc.R. 16 and Standing Order No. 7 ignore the rational behind the waiver rule and promote judicial inefficiency and gamesmanship." Appellant's brief, p. 7.
A. Validity of Loc. R. 16 and Standing Order No. 7
{¶ 12} In 1997, the Cuyahoga County Common Pleas Court implemented a system to handle the large volume of asbestos-related cases and promulgated governing rules and orders. Natl. City Bank v. Goodyear Tire & Rubber Co. , 8th Dist. Cuyahoga No. 100178, 2014-Ohio-2977, 2014 WL 3029783, ¶ 31-32 ;
*207 In re Special Docket No. 73958 , 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444, 2008 WL 4068212, ¶ 2.
{¶ 13} Loc.R. 16 governs docket management and serves as an exception to the Ohio Rules of Civil Procedure.[3] Loc.R. 16(C)(1) provides:
(C) Within twenty-eight (28) days after service of the complaint, the defendant shall enter an appearance which shall constitute:
(1) a denial of all averments of fact in the complaint;
(2) an allegation of all affirmative defenses; and
(3) a claim for indemnification and contribution from any other party.
By filing an entry of appearance, all averments of appearance, all averments of fact are deemed denied (subdivision (c)(1) ), all affirmative defenses are deemed alleged (subdivision (c)(2) ), and each defendant is deemed to have asserted a claim for indemnity and contribution against each other party (subdivision (c)(3) ).
Natl. City Bank at ¶ 31, citing Loc.R. 16(C)(1).
{¶ 14} Electronic filing was implemented in 1998 that was succeeded by a "File & Service" electronic system in 2003. The court issued a "42-part document titled In Re: Special Docket No. 73958 , Case Management Order ("CMO") to Implement Lexis-Nexis File & Serve In Place of CLAD" to regulate case management. Id. at ¶32.
{¶ 15} The trial court also relied on CMO Standing Order No. 7, which states in relevant part:
4. Answer
Defendants and Third-Party Defendants are no longer to file answers to Plaintiffs Complaints or Third-Party Complaints in asbestos litigation in Cuyahoga County, Ohio. Rather, the following procedure will apply:
a. Within 28 days after service of the Complaint, the Defendant or Third-Party Defendant shall enter an appearance which shall constitute:
I. a denial of all averments of fact in the Complaint or Third-Party Complaint, and;
ii. an allegation of all affirmative defenses.
Natl. City Bank , 8th Dist. Cuyahoga No. 100178, 2014-Ohio-2977, at ¶ 31, citing Standing Order No. 7 ("Order No. 7"). JCI filed a timely notice of appearance as required by the order. The filing served as a general denial and advancement of all affirmative defenses including personal jurisdiction. Id.
{¶ 16} JCI counters that the validity of the local rule and order is not properly before this court because Case did not raise it at the trial court level. A review of the record reveals that Case's response to JCI's dismissal motion focused on allegations of waiver.
{¶ 17} Case acknowledged that JCI filed a notice of appearance "which included an 'assertion of all applicable affirmative defenses,' " but added that "JCI's appearance did not specifically reference a challenge to personal jurisdiction * * * until *208 JCI filed its motion to dismiss on August 3, 2017." Case did not argue that Loc.R. 16 and Order No. 7 conflict with Ohio law.
{¶ 18} Finally, Case argues that it challenged the order and rule during the August 11, 2017 hearing:
[P]ursuant to [S]tanding [O]rder [No.] 7, docket number 73958, again they make the appearance, they deny all averments of fact in the complaint and an assertion of all applicable affirmative defenses as if fully set forth herein. So that's what they said. They didn't actually raise the defense of personal jurisdiction, insufficient service, any of the grounds set forth in Rule 12(B).
* * *
And on top of that, you know, so the portion of the standing order that they rely on in their appearance is 4-A2. And 4-A2 allows for defendants to basically rely on the fact that the - the appearance constitutes an allegation of all affirmative defenses. They did that without raising anything specifically.
(Tr. 6-7.)
{¶ 19} A thorough review of the transcript reveals that Case did not argue that Loc.R. 16 and Order No. 7, which have been employed for over 30 years, are unlawful and, thus, ineffective to overcome Civ.R. 12(H) requirements. " ' "A fundamental rule of appellate review is that an appellate court will not consider any error that could have been, but was not, brought to the trial court's attention." ' " Natl. City Bank , 8th Dist. Cuyahoga No. 100178, 2014-Ohio-2977, at ¶ 35, quoting Kimberly Entertainment Corp. v. Liquor Control Comm. , 10th Dist. Franklin No. 96APE05-581, 1996 WL 684155 (Nov. 26, 1996), quoting Little Forest Med. Ctr. v. Ohio Civ. Rights Comm. , 91 Ohio App.3d 76, 631 N.E.2d 1068 (9th Dist.1993). The failure to raise an issue that existed at the time of, or prior to, trial waives that issue for purposes of appeal. Id. , citing Kimberly and Little Forest.
B. Waiver
{¶ 20} Case offers that, assuming Loc.R. 16 and Order No. 7 effectively asserted the affirmative defense of personal jurisdiction, JCI's conduct during the case waived the defense. Case states JCI waived the defense when it (1) denied that it was challenging personal jurisdiction during discovery; (2) failed to raise the personal jurisdiction issue in its motion to dismiss for forum non conveniens; (3) missed the dispositive motion deadline; and (4) actively participated in the proceedings until the eve of trial.
{¶ 21} JCI relies on Gliozzo , 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, in support of its position. In Gliozzo , the defendant filed an answer raising the affirmative defense of insufficient service of process pursuant to Civ.R. 12(B) that, like the lack of personal jurisdiction defense, may be made by responsive pleading or by motion.
{¶ 22} More than a year after filing the answer, after expiration of the dispositive motion deadline, and nine days prior to the scheduled trial date, the defendant moved to dismiss because service had not been perfected. Id. at ¶ 3-4. The trial court granted the motion. In a two-to-one decision, this court reversed the trial court's judgment and determined that the defendant waived the defense by actively participating in the case. Gliozzo v. Univ. Urologists of Cleveland, Inc. , 8th Dist. Cuyahoga No. 86371, 2006-Ohio-1726, 2006 WL 871721.
{¶ 23} The Ohio Supreme Court disagreed. The court noted that "[i]n some instances, a party who voluntarily submits to the court's jurisdiction may waive available defenses, such as insufficiency of service *209 of process or lack of personal jurisdiction." Gliozzo, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 13, citing Maryhew v. Yova , 11 Ohio St.3d 154, 464 N.E.2d 538 (1984).[4] The court explained that Civ.R. 12(H)(1) prescribes how the defenses may be waived.
"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."
Gliozzo at ¶ 8, quoting Civ.R. 12(H)(1).
{¶ 24} The "only way in which a party can voluntarily submit to a court's jurisdiction * * * is by failing to raise the defense * * * in a responsive pleading or by filing certain motions before any pleading." Id. at ¶ 13, citing Maryhew. "Only when a party submits to jurisdiction in one of these manners will the submission constitute a waiver of the defense." Id. " Civ.R. 12(H)(1) does not include a party's participation in the case as a method of waiver." Id. at ¶ 11.
{¶ 25} Case also argues that JCI waived the defense in a March 2016 interrogatory response, which states in relevant part:
2. Please state whether or not Defendant is a corporation. If so please state: * * *
(e) For each year [d]efendant is claiming that this [c]ourt lacks personal jurisdiction, list year by year the total amount of income received by the [d]efendant from entities in Ohio, and any and all years that [d]efendant, as defined, has been licensed to do business in Ohio, and any real property owned at any time by [d]efendant or its present or past subsidiaries.
[Response:] Not applicable.
{¶ 26} Case offers that JCI's "not applicable" response is a misleading affirmative statement by JCI that it was not disputing personal jurisdiction. JCI explains that: (1) the answer indicates that the information is not relevant to the current case, an explanation that Case considers spurious because JCI could have cited a relevance objection instead, and (2) the defense was not available at the time of the response.
{¶ 27} JCI inserted general objections to every interrogatory regarding "sales that relate to a period of time, geographical area, or activity outside the scope of the allegations of the underlying lawsuit" as "irrelevant, overly broad, not reasonably calculated to lead to the discovery of admissible evidence" and unduly burdensome. The general objections also included a reservation of the right to "raise objections or privileges in the event it learns of the necessity" "in the future."
{¶ 28} The Michigan Millers Mut. Ins. Co. v. Christian , 153 Ohio App.3d 299, 2003-Ohio-2455, 794 N.E.2d 68 (3d Dist.) case relied on by Case is distinguishable. Unlike the instant case, the defendant in Michigan Millers failed to assert the jurisdictional affirmative defense.
{¶ 29} A finding that the term "not applicable" in response to the stated interrogatory would conflict with Gliozzo 's determination that the only way to waive jurisdiction "is by failing to raise the defense" "or by filing certain motions" prior to pleading.
*210 Gliozzo, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714 at ¶ 13. Gliozzo is controlling on the issue.
{¶ 30} Case further urges that JCI's 2012 forum non conveniens motion constituted abandonment of the jurisdictional defense pursuant to State v. Harris , 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256. We find that Harris is inapplicable. Harris initially pleaded not guilty by reason of insanity to charges including aggravated murder that resulted in a court-ordered psychiatric examination. Harris subsequently submitted a notice of alibi and list of supporting witnesses. Id. at ¶ 1-7.
{¶ 31} Harris did not list the psychiatrist as a trial witness but the state called the psychiatrist over defense objections to testify that Harris was feigning mental illness. Harris argued on appeal that the psychiatric testimony violated his Fifth Amendment privilege against self-incrimination. Id. at ¶ 15. The state appealed the appellate court's reversal of the conviction.[5]
{¶ 32} The Ohio Supreme Court examined the record for evidence that Harris abandoned his insanity defense so that the psychiatric testimony was inadmissible. The court observed that Harris (1) failed to request an independent psychiatric examination or competency hearing; (2) filed a notice of alibi that directly conflicts with an insanity defense;[6] and (3) objected to the testimony of the court psychiatrist. Id. at ¶ 30-32. The court concluded that the evidence supported abandonment and agreed that the psychiatric testimony regarding Harris's mental capacity was reversible error. Id. at ¶ 2.
{¶ 33} No contradiction exists here. JCI consistently argued in both motions that the exposure took place at Weirton in Hancock County, West Virginia. JCI argued that the convenience and interests of the litigants and the trial court would be best served in Hancock County, West Virginia, where the facility is located and where most of the witnesses reside. In the alternative, JCI suggested transferring the case to Jefferson County, Ohio, where venue is appropriate under Civ.R. 3(B) because that is where Hall resided and where he was exposed to brake dust and remodeling materials.
{¶ 34} The personal jurisdiction motion is based on the same facts. "JCI did not present two different factual scenarios to the court, but presented two different legal theories supported by the same facts." Appellee's brief, p. 15. Reliance by Case on Chambers v. Merrell-Dow Pharmaceuticals , 35 Ohio St.3d 123, 519 N.E.2d 370 (1988), is also misplaced. Chambers simply recites the well-known axiom that a trial court with venue and jurisdiction may choose to transfer a case to another court where venue and jurisdiction is proper because the location is more convenient to factors include the convenience of the witnesses:
"The principle of forum nonconveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corp. v. Gilbert , 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The doctrine assumes that proper jurisdiction and proper venue lie in the court which plaintiff has chosen, id. at 504 [67 S.Ct. 839] ; cf. Ohio Civ.R. 3(D), and additionally presupposes *211 the availability of another forum in which the defendant may be sued. "[T]he doctrine furnishes criteria for choice between them." Gilbert, supra , at 507 [67 S.Ct. 839].
Chambers at 125-126, 519 N.E.2d 370.
{¶ 35} Chambers's assumption of jurisdiction and venue does not overcome Gliozzo's holding that the defense may only be waived pursuant to Civ.R. 12(H). Gliozzo , 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 11.
{¶ 36} The argument that JCI's failure to concurrently argue lack of personal jurisdiction defense and forum non conveniens resulted in a waiver of the jurisdiction defense pursuant to Civ.R. 12(G) also fails. Civ.R. 12(G) provides,
A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.
{¶ 37} Civ.R. 12(B) lists affirmative defenses that may be advanced by a responsive pleading or by a motion. The staff notes to Civ.R. 12(G) explain that the consolidation requirement applies to parties responding by motion instead of by pleading under Civ.R. 12(B) :
[ Civ.R. 12(G) ] follows up the abolition of the special appearance in Rule 12(B) by actually compelling the defendant who makes a motion to include therein all defenses and objections then available to him which this rule permits to be raised by motion. This compulsion is accomplished by the provision that no writable defense or objection which is omitted from a motion may thereafter be asserted in an answer.
{¶ 38} JCI advanced all affirmative defenses by filing the notice of appearance under Loc.R. 16 and Order No. 7. Case's argument on this point is without merit.
{¶ 39} Case contends that JCI is engaging in legal gamesmanship. "Whether [JCI's] conduct constituted gamesmanship or good litigation strategy, they followed the rules. If such behavior should not be permitted in the future, the proper avenue for redress would be to seek to change those rules." Gliozzo, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 17.
{¶ 40} Case also asserts that the Supreme Court's opinion in Bristol-Myers, --- U.S. ----, 137 S.Ct. 1773, 198 L.Ed.2d 395, did not constitute a change of law warranting the filing of the motion to dismiss for lack of personal jurisdiction. Based on Gliozzo's finding that Civ.R. 12(H)(1) specifies the only two ways that personal jurisdiction may be waived and the conclusion that JCI did not waive personal jurisdiction in this case, this argument also lacks merit.
IV. Conclusion
{¶ 41} The judgment of the trial court is affirmed.
EILEEN T. GALLAGHER, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY

Hall spent one week at Weirton's Steubenville, Ohio location during his first week of employment.

Dismissal for lack of personal jurisdiction is a final appealable order. Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc. , 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663. The filing of the notice of appeal one day prior to journalization of the final judgment entry does not affect this court's jurisdiction pursuant to App.R. 4(C).

Civ.R. 1(C) allows exceptions to application of the civil rules. Civ.R. 1(B) provides that the rules "shall be construed and applied to effect just results by eliminating delay, unnecessary expense, and all other impediments to the expeditious administration of justice." "The subdivision (C) exceptions are not to be considered in a vacuum but should be read together with subdivision (B)." Dvorak v. Mun. Civ. Serv. Comm. , 46 Ohio St.2d 99, 346 N.E.2d 157 (1976).

In Maryhew , the defendant was not served, did not file an entry of appearance or responsive pleading, but did file two requests for leave to move or plead. The court held that no waiver occurred. Id. at 159, 464 N.E.2d 538.

State v. Harris , 1st Dist. Hamilton No. C-110472, 2013-Ohio-349, 2013 WL 454904.

An insanity defense admits that the defendant committed the act but lacked legal responsibility while the alibi defense denies that the defendant committed the act. Id. at ¶ 31.